UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PARKER,

        Plaintiff,                      CIVIL ACTION NO. 06-10564

        v.                              DISTRICT JUDGE ROBERT H. CLELAND

ROBERT CASSA, MIKE ROWLEY,      MAGISTRATE JUDGE VIRGINIA M. MORGAN
KENNETH ORR, HAROLD WHITE,
and PATRICIA CARUSO,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

      Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC).  On February 10, 2006, he filed a *pro se* action pursuant to 42 U.S.C. § 1983 against the following Michigan Department of Corrections Officials: (1) R. Cassa, a Sergeant at the Parnall Correctional Facility (PCF), (2) Kenneth Orr, a Captain at PCF and Sergeant Cassa's immediate supervisor, (3) Assistant Deputy Warden Mike Rowley, (4) Warden Harold White, and (5) MDOC Director Patricia Caruso.  Plaintiff alleges in his complaint that on August 12, 2005, Sergeant Cassa, assaulted him in the correctional facility's dining hall, in violation of his Eighth Amendment right to be free of cruel and unusual punishment.  Plaintiff further alleges

that defendants Orr, Rowley, White, and Caruso failed to properly investigate the incident and conspired to cover it up.

The matter comes before the court on the Defendants Cassa, Orr, Rowley, White, and Caruso's Motion to Dismiss for Failure to Exhaust Administrative Remedies.  For the reasons stated below, the court recommends that the motion be **GRANTED**.

## II.  Discussion

Defendants contend in their motion to dismiss that plaintiff did not fully exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a), and that his complaint must therefore be dismissed.  Section 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted.

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  The prisoner bears the burden of establishing exhaustion under § 1997e(a).  Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998).  In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity.  Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  Further, "a prisoner must administratively exhaust his or her

claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003). Under the "total exhaustion" rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety. Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005); see also Rinard v. Luoma, 440 F.3d 361, 362 (6th Cir. 2006)("[T]his Court has ruled definitively that complaints that contain both exhausted and non-exhausted claims must be dismissed").

In order for a Michigan inmate to exhaust his administrative remedies, he must utilize the Michigan Department of Corrections' three-step grievance process. In Poor v. Grayson, 46 Fed.Appx. 825, 826, 2002 WL 31085179 *1 (6th Cir.(Mich.)),[1] the Sixth Circuit discussed this process:

> A Michigan prisoner's administrative remedies are set forth at Michigan Department of Corrections Policy Directive ("MDOC PD") No. 03.02.130 (October 11, 1999), which provides for a three-level written grievance procedure to be used after a prisoner attempts to verbally resolve an issue. At Step I, the prisoner files a grievance with the Step I grievance coordinator, who assigns someone to respond. *See* MDOC PD No. 03.02.130(T). If the prisoner does not receive a timely response or is dissatisfied with the response at Step I, the prisoner may file a Step II appeal with the Step II grievance coordinator. *See id.* Likewise, if the prisoner does not receive a timely Step II response or is dissatisfied with the response, the inmate may file a Step III appeal with MDOC's Prisoner Affairs Section. *See id.* A prisoner may bypass Steps I and II and file a Step III grievance if the matter concerns "racial or ethnic discrimination and staff brutality or corruption." *See* MDOC PD No. 03.02.130(II). The prison's response at Steps I and II shall be sent to the prisoner within 15 business days, unless an extension is granted. *See* MDOC PD No. 03.02.130(CC), (FF).

---

[1] PD No. 03.02.130 was amended after Poor was decided. However, the grievance process, as discussed therein, remains the same.

> The entire process from filing a Step I grievance to the Step III response shall be completed within 90 calendar days, absent an extension. *See* MDOC PD No. 03.02.130(V).

At page 2 of his complaint, plaintiff alleged the following with respect to the issue of exhaustion:

> Plaintiff has complied with the Prison Litigation Reformed [sic] Act (PLRA), by exhausting the issue before the administration... To date the Third Step Grievance/Appeal has not yet been responded to, however, PD-03.02.130 specifies that the complete process should be completed within 90 days unless an extension has been requested. No extension has been requested, thus leaving the Plaintiff to speculate that the issue has been denied.

While plaintiff states that he filed a grievance and that he pursued it through all three steps of the MDOC grievance process, plaintiff does not state who he filed the grievance against or provide any information regarding the substance of the grievance. Thus, the allegations of the complaint, standing alone, are plainly insufficient to establish that plaintiff exhausted his administrative remedies. See Knuckles El, supra, 215 F.3d at 642 ("[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome").

The documents attached to plaintiff's complaint show that he filed a grievance against Sergeant Cassa and that he pursued the grievance through all three steps of the MDOC's grievance process. However, there are no documents showing that he filed grievances against the other defendants. In his Step III appeal, plaintiff mentions these defendants and the alleged inadequacies of their investigation of his grievance against Sergeant Cassa. However, plaintiff

has failed to produce any documentation showing that he filed a Step I grievance against Orr, Rowley, White, or Caruso regarding those inadequacies or the alleged cover-up.  In order to administratively exhaust a claim against a particular defendant, an inmate must file a Step I grievance against the defendant detailing the alleged mistreatment or misconduct.  Burton, 321 F.3d at 574-75.  Identification of a defendant at a subsequent step in the grievance process is insufficient.  Id.  Thus, plaintiff's mention of Orr, Rowley, White, and Caruso and their alleged misconduct in his Step III appeal is insufficient to establish exhaustion of his claims against them.

Pursuant to the Sixth Circuit's total exhaustion rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety.  Bey, supra, 407 F.3d 801.  As discussed above, plaintiff has established exhaustion as to only one of the five named defendants.  In accordance with the total exhaustion rule, his complaint must therefore be dismissed.

### III.  Conclusion

For the reasons stated above, the court recommends that defendants' motion to dismiss be **GRANTED** and that his complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                    s/Virginia M. Morgan
                                                   VIRGINIA M. MORGAN
Dated:   June 5, 2006                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PARKER,

        Plaintiff,                  CIVIL ACTION NO. 06-10564

    v.                               DISTRICT JUDGE ROBERT H. CLELAND

ROBERT CASSA, MIKE ROWLEY,    MAGISTRATE JUDGE VIRGINIA M. MORGAN
KENNETH ORR, HAROLD WHITE,
and PATRICIA CARUSO,

        Defendants.
_____/

## PROOF OF SERVICE

The undersigned certifies that on June 5, 2006 the foregoing Report and Recommendation was served

upon counsel of record via the Court's ECF System and via U. S. Mail on:

Brian Parker
224176
Jackson Men's Correctional Facility
4010 Cooper Street
Jackson, MI 49201-9037

                                                 s/Jennifer Hernandez
                                                 Case Manager to
                                                 Magistrate Judge Virginia M. Morgan