UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PARKER,

        Plaintiff,

v.                                Case No. 06-CV-10564

R. CASSA, et al.,

        Defendants.

                                    /

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

On February 10, 2006 Plaintiff Brian Parker initiated this *pro se* action pursuant to 42 U.S.C. § 1983 asserting that Defendants treated him with deliberate indifference to his serious medical condition and thus violated his Eighth Amendment rights against cruel and unusual punishment. Against Defendant R. Cassa,[1] a corrections officer, Plaintiff alleges assault and excessive force. Against the other defendants, (1) Kenneth Orr, Cassa's supervisor, (2) Mike Rowley, the assistant deputy warden, (3) Harold White, the warden, and (4) Patricia Caruso, the director of the Michigan Department of Corrections, Plaintiff argues for respondeat superior liability. The court referred this case to Magistrate Judge Virginia M. Morgan on March 29, 2006.

Defendants moved on May 15, 2006 for dismissal of Plaintiff's complaint, arguing that Plaintiff failed to exhaust his claims through administrative

---

[1] Cassa's first name is not listed in the record.

proceedings. The magistrate judge agreed and on June 5, 2006 issued a report and recommendation to grant Defendants' motion and dismiss Plaintiff's claims. On June 14, 2006, Plaintiff filed objections to the magistrate judge's report and recommendation. For the reasons stated below, the court will adopt in part and reject in part the report and recommendation of the magistrate judge.

## I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions

of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### B.  Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.[2] *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).

---

[2] A *pro se* civil rights complaint is to be construed liberally. *See Haines v.* Kerner, 404 U.S. 519, 520-21; *Jones v.* Duncan, 840 F.2d 359, 361 (6th Cir. 1988). While it is not a court's role to guess what claim a *pro se* litigant asserts, a court should not hold a *pro se* complaint to the same standard that it would of an attorney. *See Haines*, 404 U.S. at 520; *Hughes v. Rowe*, 449 U.S. 5, 10 (1980).

When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *See Columbia Natural Resources, Inc. v Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *See Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

42 U.S.C. § 1997e(a).  The Supreme Court has found that the exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999).  Furthermore, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim."  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).  This requirement promotes judicial efficiency by allowing some claims to be resolved by prison officials internally, without resort to a lawsuit, and to deter other frivolous claims altogether.  *See Porter*, U.S. *at* 524-25; *see also Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

      Plaintiff alleges that Defendants violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs and, solely in the case of Defendant Cassa, using "excessive physical force" constituting cruel and unusual punishment.  (Pl.'s Compl. at ¶¶ 23-26.)  Because this is a claim "brought with respect to prison conditions" under 28 U.S.C. § 1983, it is governed by the exhaustion requirement of Section 1997e(a).  *Porter*, 534 U.S. at 532.  The prisoner bears the burden of establishing exhaustion, and in order to carry his burden he must both allege that he exhausted all administrative remedies and must provide the court with any available documentation or, if such documents are unavailable, a detailed description of "the administrative proceedings and its outcome."  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Brown*, 139 F.3d at 1104.

In *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit stated, "we have specifically left unanswered the question of whether the PLRA's exhaustion requirement applies such that a 'mixed' complaint, alleging both exhausted and unexhausted claims, must be completely dismissed for failure to exhaust administrative remedies." *Id.* at 805-06 (citing *Knuckles*, 215 F.3d at 642). While the *Bey* court noted that several times in the past the Sixth Circuit had appeared to follow a "partial exhaustion rule,[3] it ultimately held that "total exhaustion is required under the PLRA." *Id.* at 806. In order to totally exhaust his administrative remedies, a state prisoner in Michigan must follow a three-stage grievance procedure. (*See* MDOC PD No. 03.02.130(R).) The first stage of this process commences upon the filing of a Step I grievance, in which the prisoner must name each official against whom he wishes to complain. *See Poor v. Grayson*, 46 F. App'x 825, 827 (6th Cir. 2002).

Following this case law in her June 5, 2006 report, the magistrate judge found that the complaint presented both exhausted and unexhausted claims, making it a mixed complaint. (R & R at 4-5.) Plaintiff's nine listed objections in essence state only one objection: that he in fact exhausted his claims against the other three Defendants. He contends that his grievance made reference to Cassa's supervisors and that each Defendant had fair notice because he or she

---

[3] In particular, the *Bey* court discussed *Hartsfield v. Vidor*, 199 F.3d 309 (6th Cir. 1999). In *Hartsfield*, the plaintiff presented a mixed complaint, and the Sixth Circuit, "[w]ithout addressing the issue of total exhaustion . . . held that the exhausted claims could be addressed on the merits while the unexhausted claims could be dismissed without prejudice." *Bey*, 407 F.3d at 805-06 (citing *Hartsfield*, 199 F.3d at 309-10).

6

received a letter from Plaintiff stating that there was a possibility of respondeat superior liability.

Plaintiff's argument is not persuasive.  Mere reference to others in a formal grievance against one party does not for purposes of exhaustion meet the requirement of a prisoner "administratively exhaust[ing] his or her claim as to *each* defendant associated with the claim."  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (emphasis added).  Nor does a mere letter serve to inform its recipient, whatever his or her place in the chain of command, of the nature or scope, much less the details, of a grievance filed by a prisoner against a guard.

### 1. Defendant Cassa

In the present case, the parties do not dispute that Plaintiff exhausted his administrative remedies regarding the alleged assault at the hands of Defendant Cassa.  (*See* Pl.'s Ex. G-4.)  For this claim, pursuant to discussion below of the Sixth Circuit's partial exhaustion rule, the court will reject the report and recommendation of the magistrate judge.  However, Plaintiff's grievance process did not include consideration of his allegation that Cassa at another time allegedly filed a false misconduct report against Plaintiff, who now presents this claim.  (Pl.'s Motion to Amend, ¶¶ 14-17, 19-20.)  The record of the grievance process only contains vague reference to this claim in a letter Plaintiff wrote to supplement his initial grievance (8/19/05 Letter at Pl.'s Compl. at 15.)  Plaintiff therefore did not exhaust his administrative remedies for his claim of a false report by Defendant Cassa.  Concerning this claim, the court will adopt the report and recommendation of the magistrate judge and dismiss Plaintiff's new claim

without prejudice for exhaustion of administrative remedies.

### 2. Defendants Orr, Rowley, White and Caruso

Plaintiff did not name the other Defendants in his Step I grievance, and, therefore, he brings unexhausted claims against Defendants Orr, Rowley, White, and Caruso.  *See Poor*, 46 F. App'x 827. Consequently, Defendant moved for dismissal of the all claims against all defendants for failure to exhaust administrative remedies.  (Def.'s Mot. at 4.); *see Bey*, 407 F.3d at 805-06.  The magistrate judge agreed that the total exhaustion requirement required complete dismissal, and made her recommendation accordingly.  (*See* 6/5/06 Report and Recommendation at 5.)

Most recently, though, the Sixth Circuit declared that the "partial-exhaustion rule is the law of this circuit."  *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006).[4]  The court explained that *Hartsfield*, taken together with *Burton*, had already definitively established the partial exhaustion rule before *Bey* was decided. *Spencer*, 449 F.3d at 726.[5]  Furthermore, *Bey* did not overrule *Spencer* and *Burton* in favor of the total exhaustion rule because "a later panel cannot overrule a prior panel's published opinion."  *Id.* (citing *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685 689 (6th Cir. 1985); 6th Cir. R. 206(c)

---

[4] The Magistrate Judge's report was dated June 5, 2006, the day before the decision controlling the court's decision, *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), was released.

[5] Specifically, the court stated that "[i]n *Burton v. Jones*, we explained that 'the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant.'"  *Spencer*, 449 F.3d at 726 (quoting *Burton*, 321 F.3d at 574 n. 2).

(parenthetical omitted)).  Accordingly, the binding directive from the Sixth Circuit is that mixed complaints should not be completely dismissed.

Instead, under the partial exhaustion rule, all unexhausted claims must "be dismissed without prejudice for failure to exhaust administrative remedies in accordance with § 1997e(a), while all exhausted claims may proceed. *Hartsfield*, 199 F.3d at 309.  The court will therefore reject in part the magistrate judge's report and recommendation in that the court will grant Defendant's motion to dismiss Plaintiff's claims against Defendants Orr, Rowley, White, and Caruso but deny the motion for the assault claim against Cassa.

### B.  Respondeat Superior

Even if the court were to consider Plaintiff's claims, however, his reliance on the theory of respondeat superior is insufficient as a matter of law for liability under Section 1983.[6]  *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845. The liability of supervisors cannot be based solely on the right to control employees, *Bellamy,* 729 F.2d at 421, or "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421.  In addition, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,*

---

[6] While the court is mindful that the parties have not briefed this issue, Plaintiff's exhaustion argument brings his respondeat superior theory squarely before the court.  As such, the court will address its merits.

199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874).

With respect to Defendants Orr, Rowley, White, and Caruso, Plaintiff's allegations rest solely claims of liability by virtue of their positions. Apart from conclusory allegations about conspiracies, cover-ups and indifference, Plaintiff makes no allegations of personal involvement in unconstitutional behavior by any of these defendants. Even if Plaintiff had exhausted his claims against these Defendants, dismissal with prejudice would be appropriate because he failed to state a claim against each of them.

### III.  CONCLUSION

IT IS ORDERED that the magistrate judge's report and recommendation [Dkt. # 24] is ADOPTED IN PART and REJECTED IN PART.

IT IS ORDERED that Defendants' motion to dismiss [Dkt. # 20] is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED with respect to Defendants Orr, Rowley, White and Caruso, GRANTED WITHOUT PREJUDICE to Plaintiff's claim of a false report by Defendant Cassa and DENIED with respect to Plaintiff's claim of assault by Defendant Cassa.

Pursuant to the court's March 29, 2006 order of referral [Dkt. # 9], the magistrate judge shall conduct remaining pretrial proceedings in this matter.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
