UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN PARKER,

                Plaintiff,                CIVIL ACTION NO. 06-10564

        v.                       DISTRICT JUDGE ROBERT H. CLELAND

ROBERT CASSA,              MAGISTRATE JUDGE VIRGINIA M. MORGAN

                Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendant, an MDOC corrections officer, used excessive force upon him in violation of the Eighth Amendment to the United States Constitution.  The matter comes before the court on (1) defendant's motion for summary judgment (D/E #49), and (2) plaintiff's motion for summary judgment, entry of default, contempt, and sanctions (D/E #53).  For the reasons stated below, the court recommends that defendant's motion be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

## II.  Background

Plaintiff is currently housed at the Hiawatha Correctional Facility, an MDOC facility in Kincheloe, Michigan.  The incident that gave rise to this cause of action occurred at the Parnall Correctional Facility, Jackson, Michigan, where plaintiff was housed at one time.  Defendant is a corrections officer at the Parnall Facility.

Plaintiff suffers from diabetes and experienced a number of diabetic episodes or seizures during his time at the Parnall facility.  Because of these episodes, defendant began to monitor plaintiff's food intake.  This monitoring evidently resulted in some tension between plaintiff and defendant.

The parties' versions of the events surrounding the alleged assault are, not surprisingly, somewhat different.  In his affidavit, defendant provides the following version of those events:

> On August 12, 2005, plaintiff was seated at his usual prescribed supervision table.  No interaction had occurred on arrival.  All blocks had been called and served.  I approached the plaintiff's table, placed the return pass on the table, and stated "you can leave."  Plaintiff's eyes were fixed, glossy and staring blankly ahead.  I radioed/called for RUO D. Philips who was almost instantly by my side.  Given the prior assault by plaintiff, I instructed RUO Philips to assess [plaintiff].  RUO Philips could get no visual or verbal acknowledgment from the prisoner to try to get his attention.  I then banged my open hand strongly on the table and called out the plaintiff's name several times.  Plaintiff made no eye or body movement.  His hands were at his side, and he had no apparent respiration.  It appeared to us that plaintiff was having another severe diabetic seizure or worse.  I made the decision to breach carry plaintiff to health care due to the time involved in waiting for health care to respond.  The time to carry the plaintiff from his seated position to health care was no more than one minute and thirty seconds.  Standard health care response and return could have exceeded fifteen minutes.

Affidavit of Robert Cassa, ¶ 7.[1]  Defendant further asserts in his affidavit that upon arrival at the health care facility, three nurses evaluated plaintiff and determined that his blood sugar was elevated.  Affidavit, ¶ 8.  The nurses administered treatment, and within eight to ten minutes, plaintiff was alert and responsive.  Id.  Plaintiff then informed the nurses that defendant had assaulted him on the arm, wrist, and back.  Id.

Plaintiff paints a different picture of the events that took place in the dining hall on August 12, 2005.  Plaintiff alleges that he was seated at the table where defendant instructed him to sit when defendant yelled at him and gave him a standing order to report to the dining hall every day and check in with either defendant or one of his colleagues.  Complaint, ¶ 16.  Defendant then approached plaintiff and yelled "Bitch, do you understand me."  Id.  Plaintiff waived his hand at defendant in a manner suggesting that he wanted nothing to do with defendant.  Id.  Defendant then yelled out, "he's having an insulin reaction," grabbed plaintiff by the neck, choking him, and then dragged him out of the dining hall.  Id.  While he was dragging plaintiff, defendant dug his fingers into plaintiff's side, causing bruising and bleeding, and banged plaintiff's head into a door.  Id.  Plaintiff denies that he was having any kind of diabetic episode and that while his blood sugar was, in fact, elevated upon arrival at the health care facility, it would not have caused the type of reaction defendant describes in his affidavit.  Complaint, ¶ 17.  Plaintiff alleges that defendant had no reason to carry or drag him out of the

---

[1]The "prior assault" refers to an incident that occurred on July 23, 2005, in which plaintiff allegedly confronted defendant in the dining hall, poked defendant in the chest, and made derogatory comments regarding certain health care personnel.  Affidavit, ¶ 5.  Plaintiff received a major misconduct for the incident.

dining hall and insinuates that defendant fabricated the medical emergency in order to justify

carrying or dragging him to the medical facility in an excessively physical manner.

### III.  Defendant's Motion for Summary Judgment

#### A.  Standard of Review

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure

56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted

or a declaratory judgment is sought may, at any time, move without or without supporting

affidavits for a summary judgment in the party's favor as to all or any part thereof."  Summary

judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R.

Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw

all reasonable inferences in favor of the non-movant.  See Matsushita Electric Industrial Co.,

Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also

B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).  The moving party

bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Once

the moving party has carried his burden, the party opposing the motion "must come forward with

specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106

S.Ct. 1348.  The opposing party cannot merely rest upon the allegations contained in his

pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist.

Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348

(quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575,

1592 (1968)).

### B. Excessive Force Claim

Plaintiff contends that defendant's use of force was wholly unjustified and excessive, and

that defendant thereby violated his Eighth Amendment right to be free of cruel and unusual

punishment.  A prison guard who unnecessarily and wantonly inflicts pain upon an inmate

violates the Eighth Amendment.  Hudson v. McMillan, 503 U.S. 1, 5, 112 S.Ct. 995, 117

L.Ed.2d 156 (1992).  In the prison context, the Eight Amendment inquiry generally centers on

the question of "whether force was applied in a good faith effort to maintain or restore discipline

or maliciously and sadistically for the very purpose of causing harm." Id., 503 U.S. at 6 (internal

quotations and punctuation omitted).  In making this determination, the court should consider

"the need for application of force, the relationship between that need and the amount of force

used, the threat reasonably perceived by the responsible officials, and any efforts made to temper

the severity of the forceful response." Id., 503 U.S. at 7 (internal quotations omitted).  Further,

"[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's

chambers, violates a prisoner's constitutional right." Johnson v. Glick, 481 F.2d 1028, 1033 (2d

Cir. 1973)(cited with approval in Hudson, 503 U.S. at 9)).  The Eight Amendment's cruel and

unusual punishment provision "necessarily excludes from constitutional recognition *de minimis*

uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind." <u>Hudson</u>, 503 U.S. at 9-10 (internal quotations and citations omitted).  Further, while the absence of serious injury does not foreclose an excessive force claim, the extent of the injuries suffered by the inmate is a relevant consideration in determining whether an Eighth Amendment violation occurred.  <u>Id</u>., 503 U.S. at 7.

Defendant asserts that he carried or dragged plaintiff to health care in the reasonable belief that plaintiff was suffering a diabetic episode of some sort and needed immediate medical attention.  Plaintiff has failed to present any admissible evidence to rebut this contention.  Plaintiff concedes that his blood sugar level was elevated when he arrived at the health care facility, but denies that he was in need of immediate medical attention.  However, he has produced no evidence to support that claim, and he cannot rely upon the allegations of his complaint to create an issue of fact.  <u>Banks</u>, 330 F.3d at 892; Fed. R. Civ. P. 56(e).  Plaintiff submitted only four exhibits with his response to defendant's motion for summary judgment, and none of those exhibits have any bearing on his excessive force claim.  Plaintiff attached to his complaint the affidavits of several inmates who claim to have witnessed the August 12 incident involving plaintiff and defendant, but nothing in those affidavits would give rise to a genuine issue of material fact as to whether defendant  took plaintiff to the health care facility on the good faith belief that he was in need of medical attention.  In sum, plaintiff has failed to present sufficient evidence to create a genuine issue of material fact on this point.

Further, there is no evidence in the record that plaintiff suffered any injuries as a result of the alleged assault.  From the documents submitted by the parties, it appears that plaintiff

suffered, at most, a slight scratch near his rib cage.  There is no evidence that plaintiff sought any medical care arising from the incident, other than the care he received for his elevated blood sugar.  The *de minimis* nature of the "injury" incurred by plaintiff strongly indicates that to the extent defendant even used  "force" for Eighth Amendment purposes in carrying plaintiff to the health care facility, the force used was itself *de minimis*.  See, e.g, Outlaw v. Newkirk, 259 F.3d 833, 839 (7th Cir. 2001)("Moreover, the minor nature of Outlaw's injuries strongly suggests that the force applied by [defendant prison guard] was *de minimis*.").

On the present record, no rational finder of fact could conclude that defendant violated plaintiff's Eight Amendment right to be free of cruel and unusual punishment.  Accordingly, the court concludes that defendant is entitled to summary judgment.

## IV.  Plaintiff's Motion for Summary Judgment, Entry of Default, and Sanctions

Plaintiff's motion for summary judgment, entry of default, contempt, and sanctions is based upon defendant's alleged failure to provide timely responses to plaintiff's interrogatories. In a response date December 28, 2006, (D/E #54), defendant asserted that he served interrogatories upon plaintiff by mail on December 15, 2006.  Plaintiff has not argued to the contrary.  Moreover, plaintiff has failed to demonstrate that he suffered any prejudice as a result of defendant's untimely response.  Accordingly, the court recommends that plaintiff's motion be denied.

## V.  Conclusion

For the reasons discussed above, the court recommends that defendant's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment, entry of

default, contempt and sanctions be **DENIED**,  and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated:  February 16, 2007

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and pro se party via the Court's ECF System and/or U. S. Mail on February 16, 2007.

**Brian Parker**
224176
Hiawatha Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, MI 48909

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan